UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **TIMOTHY P. CUSICK,** | : | |
| Plaintiff | : | Docket No. _____ |
| vs. | : | |
| | : | **COMPLAINT** |
| | : | |
| **LVNV FUNDING, LLC,** | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## INTRODUCTION

1. This action is brought by an individual consumer damaged by defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. 1692k(d) and 28 U.S.C. 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) in that defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, Timothy P. Cusick (hereinafter "Cusick"), is an individual who at all relevant times resided in Bristol County, Massachusetts.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a (3).

6. Defendant, LVNV Funding, LLC (hereinafter "LVNV"), is a limited liability company organized under the laws of Delaware with principal place of business in Las Vegas, Nevada.  Its resident agent is Corporation Service Company, 84 State Street, Boston, Massachusetts  02109.

7. At all relevant times defendant was a "debt collector" as that term is defined by 15 U.S.C. §1692a (6).

## FACTUAL ALLEGATIONS

8. Sometime before November 16, 2002, Cusick incurred a financial obligation to Sears, Roebuck & Co. (hereinafter "Sears"), which was primarily for personal, family or household purposes.

9. This account was a "debt" as that term is defined by 15 U.S.C. §1692a (5).

10. This account went into default with Sears, which sued Cusick in New Bedford District Court (Docket No. 0333CV000108) and obtained a default judgment against him on October 28, 2004, for $4,887.52.

11. Subsequently, Sears sold or assigned Cusick's account to LVNV.

12. In February 2014, LVNV, as assignee of Sears, initiated an action against Cusick in Fall River District Court (Docket No. 1432CV000111), based on the previous judgment. LVNV claimed the amount then due was $10,084.09, and sought a wage assignment order.

13. Cusick retained counsel. With the assistance of counsel, he learned for the first time of the New Bedford action of eleven years earlier.

14. Cusick, by and through counsel, moved to vacate the New Bedford judgment on grounds that service had been made at an address the plaintiff knew to be obsolete. Over LVNV's objection, the motion was granted on April 8, 2014.

15. LVNV declined to take further steps to prosecute either action. Judgment for Cusick was entered in the New Bedford case on August 12, 2014. A judgment dismissing the Fall River case was entered on December 18, 2014.

16. Knowing that its claim had been extinguished and found unenforceable, LVNV Funding nonetheless assigned it to Niagara Credit Solutions, Inc., of Williamsville, New York, a collection agency, on December 14, 2015.

17. Niagara Credit Solutions sent Cusick a written demand for principal and interest totaling $11,411.71. The demand identified the Merchant as "Sears," the Account Owner as "LVNV Funding LLC," and the Principal Balance as $4887.52.

18. Since December 17, 2015, on information and belief, Niagara or another collection agency acting on behalf of the defendant has repeatedly telephoned Cusick, seeking repayment of this extinguished debt.

19. As a result of defendant's actions set forth above, plaintiff has suffered loss of time, upset, humiliation, and emotional distress.

## CAUSE OF ACTION:
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.

20. The foregoing acts and omissions of defendant constitute violations of the FDCPA including 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(5) and 1692f(1).

21. As a result of defendant's violations of the FDCPA, plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## DEMAND FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1) ; for statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) ; for costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);  and for all other relief to which plaintiff may appear entitled.

## TRIAL BY JURY

Plaintiff claims trial by jury.

                                      Respectfully submitted
                                      By his attorney,

                                      */s/ Deborah G. Roher*
                                      Deborah G. Roher, BBO #552047
                                      56 N. Main Street, #413
                                      Fall River, MA  02720
                                      (508) 672-1383
                                      info@roherlaw.net

December 13, 2016